UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:23-cv-80896-RLR

HOWARD COHAN,

    Plaintiff,

vs.

OC1 OF DELRAY, LLC
a Florida Limited Liability Company
d/b/a OCEAN ONE GRILLE

    Defendant(s).
_____/

## PLAINTIFF, HOWARD COHAN'S, MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT

Plaintiff, HOWARD COHAN, by and through undersigned counsel and pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, hereby requests entry of a Final Default Judgment against Defendant, OC1 OF DELRAY, LLC, a Florida Limited Liability Company, d/b/a OCEAN ONE GRILLE ("Defendant"). In support of this request, Plaintiff relies upon the record of this case and supporting documents submitted herewith.[1]

### FACTUAL ALLEGATIONS

Plaintiff is an individual with numerous disabilities including spinal stenosis, which causes a restriction to his spinal canal, resulting in a neurological deficit. Defendant is the lessee, operator, owner and/or lessor of the real property that is subject to this suit, and is located at 14851 Lyons Rd, Delray Beach, FL 33446, and is the lessee, operator, owner and/or lessor of

---

[1] A Declaration of Gregory S. Sconzo and an Affidavit of Time and Costs are attached hereto as Exhibit "1" in support of this Motion. An Affidavit of ADA Expert Giovannia Paloni is attached hereto as Exhibit "2" in support of this Motion.

the improvements where the Premises are located. The Premises consists of a restaurant, to wit: OCEAN ONE GRILLE, and qualifies as a place of public accommodation that is required to comply with the Americans with Disabilities Act ("ADA"). At the time of Plaintiff's visit to the Premises on April 6, 2023, (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA. While at the Premises, Plaintiff encountered violations of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq. that included Defendants' failure to provide fully accessible service and eating areas and fully accessible restrooms ("Violations"). The specific Violations as alleged in the Complaint are as follows:

**Outdoor Restaurant Seating and Bar Outside**
    a. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§ 904, 904.4, 904.4.1, 904.4.2, 305 and 306.
    b. Failure to provide accessible seating for person(s) with a disability at a bar or adjacent table in the bar area, recreational area or a table area adjacent to a pool for food or beverage service, or at a computer work surface such as in a business center, in violation of 2010 ADAAG §§ 902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.
    c. Failure to provide required accessible seating for person(s) with a disability at a bar or adjacent table exceeding 34 inches in the bar area in violation of 2010 ADAAG §§ 902, 902.1, 902.3.
    d. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.
    e. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

**Restaurant Indoor Seating**
    f. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.
    g. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.
    h. Failure to provide a sufficient dispersion of seating thought the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.2, 902, 305 and 306.

**Bar and Bar Area**
    i. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§ 904, 904.4, 904.4.1, 904.4.2, 305 and 306.
    j. Failure to provide accessible seating for person(s) with a disability at a bar or adjacent table in the bar area, recreational area or a table area adjacent to a pool for food or beverage service, or at a computer work surface such as in a business center, in violation of 2010 ADAAG §§ 902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.
    k. Failure to provide required accessible seating for person(s) with a disability at a bar or adjacent table exceeding 34 inches in the bar area in violation of 2010 ADAAG §§ 902, 902.1, 902.3.
    l. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.
    m. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

**Men's Restroom General**
    n. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.
    o. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

**Men's Restroom Accessible Stall**
    p. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (trash can)
    q. Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3. (toilet paper dispenser)
    r. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (second trash)
    s. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.
    t. Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2.
    u. Failure to provide proper toe clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1, 306.2, 306.2.1, 606 and 606.2.

     v. Failure to provide the correct opening width for a forward approach into a lavatory (sink) in violation of 2010 ADAAG §§ 305, 305.7.1, 404, 605.3 and 606.2.
     w. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (toilet seat)
     x. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.
     y. Failure to provide the operable part of a hand dryer at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

**Men's Restroom Ambulatory Stall**
     z. Failure to provide an additional accessible toilet compartment complying with 604.8.2 when there are 6 or more water closets or urinals in any combination in violation of 2010 ADAAG §§ 213, 213.3 and 213.3.1.
     aa. Failure to provide grab bar(s) in violation of 2010 ADAAG §§ 604, 604.5, 609, 609.4, 609.1 and 609.3.
     bb. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.
     cc. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (stall size)
     dd. Failure to provide the water closet seat at the correct height above the finished floor in violation of 2010 ADAAG §§ 604 and 604.4.
     ee. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

Plaintiff intends to return and enjoy the goods and/or services at the Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by Defendant's failure and refusal to rectify the Violations and provide persons with disabilities, such as Plaintiff, with full and equal access to Defendant's facilities at the Premises. Due to Defendant's failure to rectify the Violations, Plaintiff continues to suffer from discrimination and injury that can only be rectified through the relief sought herein. Defendant's failure to rectify the Violations that exist at the Premises was done in violation of the ADA, and thus Plaintiff is entitled to injunctive relief and his attorneys' fees and costs associated with the instant litigation.

## **LEGAL CLAIMS**

To state a claim under the ADA a plaintiff must allege (1) he is an individual with a disability; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *Norkunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412, 416 (11th Cir. 2011) (citing 42 U.S.C. 12182(a)). Here, Plaintiff has more than adequately alleged that he suffers from a qualified disability under the ADA. [D.E. 1 at ¶ 6]. Further, Plaintiff has sufficiently alleged that Defendant owns, leases or operates a place of public accommodation. [D.E. 1 at ¶ 4]. Here, Defendant is operating a place of public accommodation, as the Premises is a restaurant, and thus Defendant was required to rectify the Violations and maintain the Premises in compliance with the ADA. *See* 42 U.S.C. §1281(7)(A).  Finally, Plaintiff alleges that Defendant discriminated against him within the meaning of the ADA and provides the exact provisions of the ADA that Defendant has violated. [D.E. 1 at ¶¶ 22 and 23]. Plaintiff has clearly stated a claim for relief under the ADA.

Additionally, where a plaintiff is seeking injunctive relief, as has occurred in this matter, said plaintiff must also show that there is a real and immediate threat of future injury. *Stringham v. 2921 Orlando Drive, LLC*, 2014 WL 2215769 (M.D. Fla. 2014) (citing *Shotz v. Cates*, 256 F. 3d 1077, 1081 (11th Cir. 2001).  Here, Plaintiff alleges that if Defendant modifies the Premises to comply with the ADA, then Plaintiff will be given equal access to and equal enjoyment of the facilities at the Premises and his injury-in-fact will be redressed. [D.E. 1 at ¶¶ 7, 8, 9, 10 and 12]. Additionally, Plaintiff, a bona fide patron of the Premises, alleges that he will avail himself of the services offered at the Premises in the future, provided that Defendant modify the Premises or modify the policies and practices to accommodate individuals who have physical disabilities. [D.E. 1 at ¶ 7, 8, 9, 10 and 12]. Thus, Plaintiff has alleged that he suffered an injury-in-fact as a

result of Defendant's failure to comply with the ADA and that the injury-in-fact can be rectified through Court intervention, which will alleviate the real and immediate threat of Plaintiff being subjected to future injury in the form of Plaintiff being denied equal access and equal enjoyment of the public accommodations at the Premises. Plaintiff is clearly entitled to the relief sought.

Lastly, Plaintiff has made a demand for attorneys' fees and costs associated with this matter. As Plaintiff is the prevailing party in this matter, Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs associated with this matter and requests same. *See* 42 U.S.C. §12205.

## **DAMAGES**

Plaintiff has been damaged by Defendant's failure to maintain the Premises in compliance with the ADA. Due to Defendant's failure, Plaintiff is entitled to injunctive relief requiring Defendant to modify its Premises and rectify the Violations at said Premises so that the Premises are in compliance with the ADA. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including entering an order requiring Defendant to alter the Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed. Furthermore, Plaintiff seeks an award of his attorneys' fees and costs in the amount of Six Thousand Forty-Four Dollars and Fifty-Five Cents ($6,044.55) (See Exhibits 1 and 2 for detailed breakdown of attorney fees and costs). As Plaintiff is the prevailing party in this matter, Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs associated with this matter. *See* 42 U.S.C. §12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1. This Court declare that the Premises owned, operated and/or controlled by Defendant are in violation of the ADA;

2. This Court enter an Order requiring Defendant to alter the Premises to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA by rectifying the following ADA Violations within six (6) months:

**Outdoor Restaurant Seating and Bar Outside**
   a. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§ 904, 904.4, 904.4.1, 904.4.2, 305 and 306.
   b. Failure to provide accessible seating for person(s) with a disability at a bar or adjacent table in the bar area, recreational area or a table area adjacent to a pool for food or beverage service, or at a computer work surface such as in a business center, in violation of 2010 ADAAG §§ 902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.
   c. Failure to provide required accessible seating for person(s) with a disability at a bar or adjacent table exceeding 34 inches in the bar area in violation of 2010 ADAAG §§ 902, 902.1, 902.3.
   d. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.
   e. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

**Restaurant Indoor Seating**
   f. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.
   g. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.
   h. Failure to provide a sufficient dispersion of seating thought the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.2, 902, 305 and 306.

**Bar and Bar Area**
   i. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§ 904, 904.4, 904.4.1, 904.4.2, 305 and 306.
   j. Failure to provide accessible seating for person(s) with a disability at a bar or adjacent table in the bar area, recreational area or a table area adjacent to a pool

  for food or beverage service, or at a computer work surface such as in a business center, in violation of 2010 ADAAG §§ 902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.

k. Failure to provide required accessible seating for person(s) with a disability at a bar or adjacent table exceeding 34 inches in the bar area in violation of 2010 ADAAG §§ 902, 902.1, 902.3.

l. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

m. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

**Men's Restroom General**

n. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

o. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

**Men's Restroom Accessible Stall**

p. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (trash can)

q. Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3. (toilet paper dispenser)

r. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (second trash)

s. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

t. Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2.

u. Failure to provide proper toe clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1, 306.2, 306.2.1, 606 and 606.2.

v. Failure to provide the correct opening width for a forward approach into a lavatory (sink) in violation of 2010 ADAAG §§ 305, 305.7.1, 404, 605.3 and 606.2.

w. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (toilet seat)

x. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.

    y. Failure to provide the operable part of a hand dryer at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

**Men's Restroom Ambulatory Stall**

    z. Failure to provide an additional accessible toilet compartment complying with 604.8.2 when there are 6 or more water closets or urinals in any combination in violation of 2010 ADAAG §§ 213, 213.3 and 213.3.1.

    aa. Failure to provide grab bar(s) in violation of 2010 ADAAG §§ 604, 604.5, 609, 609.4, 609.1 and 609.3.

    bb. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

    cc. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (stall size)

    dd. Failure to provide the water closet seat at the correct height above the finished floor in violation of 2010 ADAAG §§ 604 and 604.4.

    ee. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

3. This Court enter an Order directing Defendants to evaluate and eliminate their policies, practices and procedures toward persons with disabilities within six (6) months;

4. This Court award reasonable attorney's fees, all costs in the amount of Six Thousand Forty-Four Dollars and Fifty-Five Cents ($6,044.55), and

5. This Court award such other and further relief as it may deem necessary, just and proper.

Dated: October 6, 2023

        **Sconzo Law Office, P.A.**
        3825 PGA Boulevard, Suite 207
        Palm Beach Gardens, FL 33410
        Telephone: (561) 729-0940
        Facsimile: (561) 491-9459

        By: **/s/ Gregory S. Sconzo**
        GREGORY S. SCONZO, ESQUIRE
        Florida Bar No.: 0105553
        SAMANTHA L. SIMPSON, ESQUIRE

**Primary Email:** greg@sconzolawoffice.com
**Primary Email:** samantha@sconzolawoffice.com
**Secondary Email:** alexa@sconzolawoffice.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via U.S. Mail on Defendants:

> OC1 OF DELRAY, LLC
> c/o VISONE, ROSITA
> 2639 S OCEAN BLVD
> TONY VISONE
> HIGHLAND BEACH, FL 33487

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
**Primary Email:** greg@sconzolawoffice.com
**Primary Email:** samantha@sconzolawoffice.com
**Secondary Email:** alexa@sconzolawoffice.com