UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:23-cv-80896-RLR

HOWARD COHAN,

    Plaintiff,

vs.

OC1 OF DELRAY, LLC
a Florida Limited Liability Company
d/b/a OCEAN ONE GRILLE

    Defendant(s).
_____/

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

This cause is before this Court pursuant to the Plaintiff's Motion for Entry of Final Default Judgment [D.E. 13] on October 3, 2023. Plaintiff relies upon the record of this case, the Declaration submitted and an Affidavit of Time and Costs. Defendant, OC1 OF DELRAY, LLC, a Florida Limited Liability Company, d/b/a OCEAN ONE GRILLE, failed to plead or otherwise defend in this action, resulting in a Clerk's Default being entered against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure [D.E. 11]. For reasons stated below, Plaintiff's Motion is granted.

**I.    Case Procedure.**

1.    This action was commenced against Defendants on or about June 9, 2023 when Plaintiff filed a Complaint against Defendants. [**D.E. 1**]

2.    On July 3, 2023, Defendant, OC1 OF DELRAY, LLC, a Florida Limited Liability Company, was served with the summons and Complaint. [**D.E. 9**]

1

3. More than twenty-one (21) days elapsed since the date upon which service of the Summons and Complaint was effectuated.

4. Neither Plaintiff nor the Court granted Defendants any extension of time to respond to the Complaint.

5. Defendants failed to answer or otherwise respond to the Complaint or serve a copy of any answer or other response upon Plaintiff's attorneys of record.

6. On July 26, 2023, Plaintiff filed an Application for Clerk's Entry of Default Against Defendants. [**D.E. 10**]

7. The Court Clerk entered default against Defendants on July 26, 2023. [**D.E. 11**]

8. Defendants have not contacted undersigned counsel or taken any steps to set aside the Clerk's Default.

9. Based on the above, Plaintiff respectfully requests that a Final Default Judgment be entered against Defendants.

## II. Factual History

Plaintiff is an individual with numerous disabilities including spinal stenosis, which causes a restriction to his spinal canal, resulting in a neurological deficit. Defendants are the lessees, operators, owners and/or lessors of the real property that is subject to this suit, and is located at 14851 Lyons Rd, Delray Beach, FL 33446, ("Premises") and are the owners of the improvements where the Premises is located. The Premises consists of a restaurant, to wit: OCEAN ONE GRILLE and qualifies as places of public accommodation that is required to comply with the Americans with Disabilities Act ("ADA"). At the time of Plaintiff's visit to the Premises on April 6, 2023, (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA. While at each of the Premises, Plaintiff encountered violations of 42 U.S.C. §12182 et.

seq. and the 2010 American Disabilities Act Standards et. seq. that included Defendants failure to provide fully accessible service and eating areas and fully accessible restrooms, ("Violations"). The specific Violations as alleged in the Complaint are as follows:

**Outdoor Restaurant Seating and Bar Outside**
a. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§ 904, 904.4, 904.4.1, 904.4.2, 305 and 306.
b. Failure to provide accessible seating for person(s) with a disability at a bar or adjacent table in the bar area, recreational area or a table area adjacent to a pool for food or beverage service, or at a computer work surface such as in a business center, in violation of 2010 ADAAG §§ 902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.
c. Failure to provide required accessible seating for person(s) with a disability at a bar or adjacent table exceeding 34 inches in the bar area in violation of 2010 ADAAG §§ 902, 902.1, 902.3.
d. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.
e. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

**Restaurant Indoor Seating**
f. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.
g. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.
h. Failure to provide a sufficient dispersion of seating thought the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.2, 902, 305 and 306.

**Bar and Bar Area**
i. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§ 904, 904.4, 904.4.1, 904.4.2, 305 and 306.
j. Failure to provide accessible seating for person(s) with a disability at a bar or adjacent table in the bar area, recreational area or a table area adjacent to a pool for food or beverage service, or at a computer work surface such as in a business center, in violation of 2010 ADAAG §§ 902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.
k. Failure to provide required accessible seating for person(s) with a disability at a bar or adjacent table exceeding 34 inches in the bar area in violation of 2010 ADAAG §§ 902, 902.1, 902.3.

    l. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

    m. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

**Men's Restroom General**

    n. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

    o. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

**Men's Restroom Accessible Stall**

    p. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (trash can)

    q. Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3. (toilet paper dispenser)

    r. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (second trash)

    s. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

    t. Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2.

    u. Failure to provide proper toe clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1, 306.2, 306.2.1, 606 and 606.2.

    v. Failure to provide the correct opening width for a forward approach into a lavatory (sink) in violation of 2010 ADAAG §§ 305, 305.7.1, 404, 605.3 and 606.2.

    w. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (toilet seat)

    x. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.

    y. Failure to provide the operable part of a hand dryer at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

**Men's Restroom Ambulatory Stall**

    z. Failure to provide an additional accessible toilet compartment complying with 604.8.2 when there are 6 or more water closets or urinals in any combination in violation of 2010 ADAAG §§ 213, 213.3 and 213.3.1.

4

  aa. Failure to provide grab bar(s) in violation of 2010 ADAAG §§ 604, 604.5, 609, 609.4, 609.1 and 609.3.
  bb. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.
  cc. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (stall size)
  dd. Failure to provide the water closet seat at the correct height above the finished floor in violation of 2010 ADAAG §§ 604 and 604.4.
  ee. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

Plaintiff intends to return to and enjoy the goods and/or services at the Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by Defendants' failure and refusal to rectify the Violations and provide persons with disabilities, such as Plaintiff, with full and equal access to Defendants' facilities at the Premises. Due to Defendants' failure to rectify the Violations, Plaintiff continues to suffer from discrimination and injury that can only be rectified through the relief sought herein. Defendants' failure to rectify the Violations that exist at the Premises was done in violation of the ADA and thus Plaintiff is entitled to injunctive relief and his attorneys' fees and costs associated with the instant litigation.

### III. Legal Standard.

  Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). *DirecTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

5

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (*citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. *Id*. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. *Id.*

## IV.   Discussion.

To state a claim under the ADA a plaintiff must allege (1) he is an individual with a disability; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *Norkunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412, 416 (11th Cir. 2011) (citing 42 U.S.C. 12182(a)). Here, Plaintiff has more than adequately alleged that he suffers from a qualified disability under the ADA. [D.E. 1 at ¶ 6]. Further, Plaintiff has sufficiently alleged that Defendants own, lease or operate places of public accommodation. [D.E. 1 at ¶ 4]. Here, Defendants are operating a place of public accommodation, as the Premises is used as a Restaurant, and thus Defendants were required to rectify the Violations and maintain the Premises in compliance with the ADA. *See* 42 U.S.C. §1281(7)(A).  Finally, Plaintiff alleges that Defendants discriminated against him within the meaning of the ADA and provides the exact provisions of the ADA that Defendants have violated. [D.E. 1 at ¶¶ 22 and 23]. Plaintiff has clearly stated a claim for relief under the ADA.

Additionally, where a plaintiff is seeking injunctive relief, as has occurred in this matter, said plaintiff must also show that there is a real and immediate threat of future injury. *Stringham v. 2921 Orlando Drive, LLC*, 2014 WL 2215769 (M.D. Fla. 2014) (citing *Shotz v. Cates*, 256 F. 3d 1077, 1081 (11th Cir. 2001).  Here, Plaintiff alleges that if Defendants modify the Premises to

6

comply with the ADA, then Plaintiff will be given equal access to and equal enjoyment of the facilities at the Premises and his injury-in-fact will be redressed. [D.E. 1 at ¶¶ 7, 8, 9, 10 and 12]. Additionally, Plaintiff, a bona fide patron of the Premises, alleges that he will avail himself of the services offered at the Premises in the future, provided that Defendants modify the Premises or modify the policies and practices to accommodate individuals who have physical disabilities. [D.E. 1 at ¶ 7, 8, 9, 10 and 12]. Thus, Plaintiff has alleged that he suffered an injury-in-fact as a result of Defendants failure to comply with the ADA and that the injury-in-fact can be rectified through Court intervention, which will alleviate the real and immediate threat of Plaintiff being subjected to future injury in the form of Plaintiff being denied equal access and equal enjoyment of the public accommodations at the Premises. Plaintiff is clearly entitled to the relief sought.

Lastly, Plaintiff has made a demand for attorneys' fees and costs associated with this matter. As Plaintiff is the prevailing party in this matter, Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs associated with this matter and requests same. *See* 42 U.S.C. §12205.

## V. Damages

Plaintiff has been damaged by Defendants failure to maintain the Premises in compliance with the ADA. Due to Defendant's failures, Plaintiff is entitled to injunctive relief requiring Defendants to modify its Premises and rectify the Violations at said Premises so that the Premises are in compliance with the ADA. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including entering an order requiring Defendants to alter the Premises to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed. Furthermore, Plaintiff seeks an award of his attorneys' fees and costs in the amount of Six Thousand Forty-Four Dollars and Fifty-Five Cents ($6,044.55). As Plaintiff is the prevailing

party in this matter, Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs associated with this matter. *See* 42 U.S.C. §12205.

**It is ORDERED and ADJUDGED**, that:

1. Plaintiffs Motion for Default Final Judgment is GRANTED. The Court will enter final default judgment in favor of Plaintiff by separate order.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida, this ___ day of _____, 2023.

                                                                   _____
                                                                   ROBIN L. ROSENBERG
                                                                   UNITED STATES DISTRICT JUDGE

Copies Furnished To:

    OC1 OF DELRAY, LLC
    c/o VISONE, ROSITA
    2639 S OCEAN BLVD
    TONY VISONE
    HIGHLAND BEACH, FL 33487